**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

CASE NO.

STEPHEN ARONSON,

      Plaintiff,

v.

DELBERT SERVICES CORPORATION,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.     This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

### PARTIES

4.     Plaintiff Stephen Aronson ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Broward, and City of Coral Springs.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.      Defendant Delbert Services Corporation ("Defendant") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, a payday loan (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     In connection with the collection of the Debt, Defendant's agent and/or employee "Steve Woskowski," placed a call to Plaintiff's cellular telephone number on August 13, 2012 at 9:17 A.M., and at such time, left the following voicemail message:

> Hi good morning this message is for Mr. Stephen Aronson uh Steve this is Steve Woskowski. I'm calling from Delbert Services and I'm calling in regards to personal matter which is also a time sensitive matter now as we all. I do wanna let you know however we do have good news on the table on this right now. So if you would, please return my call [inaudible] this is time sensitive. Number here is 714-221-3878 and I will be here in the office until 5 P.M. pacific standard time.

12.     In connection with the collection of the Debt, Defendant's agent and/or employee

"Steve Woskowski," placed a call to Plaintiff's cellular telephone number on October 19, 2012 at

6:09 P.M., and at such time, left the following voicemail message:

> Hi good evening this message is for Stephen Aronson. Uh Steve, my name is Steve Woskowski. I'm calling from Delbert Services in regards to a personal uh yet time sensitive matter. II do wanna let you know however that we do have good news on the table in this right now uh but it is time sensitive. If you would, please return my call. My number here is 714-221-3878 and I will be here in the office til 5 P.M. pacific standard time.

13.     In connection with the collection of the Debt, Defendant's agent and/or employee

"Francisco Flores," placed a call to Plaintiff's cellular telephone number on December 20, 2012

at 12:23 P.M., and at such time, left the following voicemail message:

> This message is for Stephen Aronson. My name is Francisco Flores and I'm calling you from Delbert Services Corporation. This regarding  a mutual uh personal business matter. It's important you return my call. My number is 888-400-7750 extension 3892. I'll be here in my office til 5 P.M. pacific.

14.     In connection with the collection of the Debt, Defendant's agent and/or employee

"Francisco Flores," placed a call to Plaintiff's cellular telephone number on February 1, 2013 at

1:54 P.M., and at such time, left the following voicemail message:

> Yes, thank you this message is for Stephen Aronson um my name is Francisco Flores, I'm calling you from Delbert Services. Um this regarding personal business matter uh it's important that you return my call. My number is, my direct number is 714-221-3892 and I'll be here in my office today til 5 P.M. pacific standard  time.

15.     Defendant's August 13, 2012, October 19, 2012, December 20, 2012, and

February 1, 2013 voicemail messages failed to notify Plaintiff that the communication was from

a debt collector.

16.     In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone number on February 21, 2013 at 7:12 P.M., and left a voice message which also did not disclose that the communication was from a debt collector.

17.     By failing to disclose that the communication was from a debt collector in its August 13, 2012, October 19, 2012, December 20, 2012, February 1, 2013, and February 1, 2013 voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

18.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

19.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.  Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c.  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e.  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f.  Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

20.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

4

21.     Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a.  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b.  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c.  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d.  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e.  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f.  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

22.     Plaintiff is entitled to and hereby demands a trial by jury.


Dated: March 29, 2013.

Respectfully submitted,

**STEPHEN ARONSON**

By: s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com